UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM BRADFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:05-CV-0075-JCH |
| | ) |
| LINDA MEADE, | ) |
| | ) |
| Defendant. | ) |

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of William Bradford, a civil detainee under Missouri's Sexually Violent Predators Act ("SVPA"), Missouri Revised Statute §§ 632.480 - .513, for leave to commence this action without prepayment of the required filing fee [Doc. #5]. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

According to plaintiff's complaint, he is detained at the Missouri Sexual Offender Treatment Center ("MSOTC") at Farmington, Missouri, because probable cause was found to believe that plaintiff is a "sexually violent predator" under the SVPA. Plaintiff seeks declaratory and monetary relief for alleged violations of his constitutional rights. Named as the sole defendant is Linda Meade, an employee of the Department of Mental Health, who is the clinical lead supervisor for the Hoctor Three Ward at the MSOTC.

In essence, plaintiff states a retaliation claim. He alleges that, on or about August 28, 2004, he made the following comment: "It is an unjustified security decision to remove wooden chairs from the ward while leaving other objects equally dangerous." He states that the ward staff denied him the "ability to earn 'respect' tokens for this date." Plaintiff states that Defendant Meade reviewed the staff's decision and upheld the sanction as acceptable because plaintiff must "accept [the] consequences" of his choice to exercise his First Amendment rights.

Plaintiff claims that tokens are the only medium of exchange by which he can earn the right to visit family and friends, keep and use property, attend outdoor and indoor recreation, and

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

obtain release from Hoctor Three Ward, which is the most restrictive ward at MSOTC. Plaintiff asserts that loss of tokens or the ability to earn tokens is a powerful behavioral management tool and a disciplinary sanction.

Plaintiff states that defendant's action violates his First Amendment rights by suppressing his right to criticize authority, to protest administrative actions and to promote change of policies. He further states that the rule is void because it is overly broad rather than narrowly tailored, and vague, such that one cannot consistently or reasonably comprehend or apply it.

Plaintiff also asserts that it is unlawful to impose disciplinary sanctions without due process. He states that he had no notice or hearing, had no opportunity to rebut the recommendations, and had no opportunity to call witnesses.

## Discussion

Missouri's SVPA authorizes the civil commitment of "sexually violent predators," persons who suffer from a mental abnormality that makes them more likely to engage in predatory acts of sexual violence if not confined in a secure facility and who (1) have pled guilty or been found guilty of a sexually violent offense; (2) been found not guilty of a sexually violent offense by reason of mental disease or defect; or (3) were committed as a criminal sexual psychopath. Mo. Rev. Stat. § 632.480(5)(a)-(b). The SVPA provides that when probable cause exists to suspect that a person is a "sexually violent predator" the person may be held pending the outcome of a civil commitment proceeding in the probate court. Mo. Rev. Stat. § 632.489. Confinement under the SVPA, however, is nonpunitive. *Kansas v. Hendricks*, 521 U.S. 346, 362-63 (1997).

As a civil detainee under the SVPA, plaintiff is not a "prisoner" for the purposes of the federal in forma pauperis statute. 28 U.S.C. § 1915(h) (defining "prisoner"). However, the

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

federal in forma pauperis statute, 28 U.S.C. § 1915, applies to actions brought by both prisoners and non-prisoners. Prisoners, however, are required to provide more financial information to the federal courts than non-prisoners (e.g., certified account statement) and prisoners must pay the entire filing fee - albeit in installments over time. Consequently, this Court may review the instant amended complaint under 28 U.S.C. § 1915(e)(2) even though plaintiff is not a prisoner.

After careful consideration, the Court finds that plaintiff's retaliation and due process claims survive review under 42 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time. Accordingly, the Court will direct the Clerk to issue process or cause process to issue on the complaint to Defendant Meade.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in forma pauperis [Doc. #5] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to be issued upon the complaint.

Dated this 20th day of June, 2005.

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com